UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUNSWICK EXINOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-02339-TWP-MJD |
| FREEDOM MORTGAGE CORP., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER DENYING MOTIONS FOR PROHIBITORY INJUNCTION**

This matter is before the Court on three Motions for Prohibitory Injunction filed by *pro se* Plaintiff Brunswick Exinor ("Exinor), on November 19, 2025.[1] (Dkts. 6, 7, 9). Exinor initiated this action by filing a Complaint alleging unlawful encumbrance, lack of standing to foreclose, unjust enrichment, securitization disputes and cloud-on-title allegations, against Defendant Freedom Mortgage Corp. ("Freedom Mortgage"). (Dkt. 1). For the reasons explained below, the motions are **denied**.

In the first motion, Exinor requests an order restraining Freedom Mortgage from taking any foreclosure-related action on certain real property while her civil tort claim is ongoing. (Dkt. 6). She states that she "has reason to believe Defendant may initiate or attempt to initiate foreclosure, collection, or other adverse actions despite lacking standing or documentation." *Id*. at 3.

In her second and third motions, she states in a conclusory fashion that she has demonstrated a substantial likelihood of success on the merits of the tort claim; she faces

---

[1] Plaintiff is admonished that she should not file multiple duplicative motions, and instead should put all requests in a single motion.

irreparable harm, including the risk of losing real property, damage to credit, and continued cloud on title; the balance of equities favors the Plaintiff; Defendant suffers no harm from waiting for adjudication but Plaintiff suffers severe harm if foreclosure proceeds; and, the injunction serves the public interest, promoting fairness, transparency, and proper adjudication before foreclosure. (Dkts. 7, 9).

"A party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

First, Exinor's conclusory statements without any analysis fail to establish any of the three threshold requirements necessary for preliminary injunctive relief. Exinor has not shown that she will suffer irreparable harm in the period before the resolution of her claim, as she states that she

"has reason to believe Defendant may initiate or attempt to initiate foreclosure." She has not shown that irreparable harm is imminent. Nor has she established that any traditional legal remedies are inadequate. Her motions fail to demonstrate Exinor proposes to prove the key elements of her case. And because her complaint has not yet been screened, she has not yet established federal jurisdiction and therefore, a likelihood of success of the merits of her claims cannot be determined.

Further a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). The docket does not reflect that Freedom Mortgage has been served notice of this action and the motions for injunctive relief. Accordingly, the Exinor should not seek to renew her motion for preliminary injunction until the complaint has been screened, and/or the defendant has been served.

Because Plaintiff Brunswick Exinor has failed to satisfy any of the requirements for preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, her Motions for Prohibitory Injunction, Dkts. [6], [7] and [9] are **DENIED without prejudice**.

SO ORDERED:

Date: 11/24/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**DISTRIBUTION**:

Brunswick Exinor
P.O. Box 864
Noblesville, IN 46061