UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUNSWICK EXINOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-02339-TWP-MJD |
| FREEDOM MORTGAGE CORP., | ) ) ) |
| Defendant. | ) |

**ENTRY SCREENING COMPLAINT, DENYING MOTION TO COMPEL AND ISSUING ORDER TO SHOW CAUSE**

On November 13, 2025, *pro se* Plaintiff Brunswick Exinor ("Exinor") initiated this action by filing a Complaint against Freedom Mortgage Corp. ("Freedom Mortgage") (Dkt. 1). The same day, she paid the filing fee for bringing this action. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and on Exinor's Motion to Compel Production (Dkt. 5).[1] For the reasons explained below, this action is subject to **dismissal for lack of jurisdiction**, and the Motion to Compel is **denied as premature**.

I.   **DISCUSSION**

A.   **Screening**

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states

---

[1] The Court will rule on Exinor's Motion to File Exhibits Under Seal (Dkt. 8) in a separate order.

a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

**B.      Exinor's Complaint**

The Court accepts Exinor's factual allegations in the complaint as true at the pleading stage but not her legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting Twombly, 550 U.S. at 555)). In addition, in reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

This action relates to mortgage foreclosure proceedings in the Hamilton Superior Court under Cause No. 29D03-2502-MF-001627 (the "Foreclosure Case"). Wells Fargo Bank, N.A. ("Wells Fargo"), initiated the Foreclosure Case to foreclose on property held by "Unknown Trustees of the Brunswick Exinor - Trust" and to enforce a promissory note on which Exinor is

2

obligated.[2] In June 2025, the state court entered judgment against Exinor and in favor of Wells Fargo in the amount of $118,095.39, and issued a decree of foreclosure.[3] Shortly thereafter, Exinor appealed the state court's judgment.[4] The Indiana Court of Appeals issued its order dismissing Exinor's appeal on November 19, 2025, but the appellate opinion has not yet been certified, so the appeal remains pending.[5] No sheriff's sale has yet occurred or been set in the Foreclosure Case.

On November 13, 2025, a few days before the Indiana Court of Appeals issued its dismissal order, Exinor initiated this federal lawsuit by filing a Complaint[6] against Freedom Mortgage Corp. ("Freedom Mortgage") (Dkt. 1). Exinor identifies herself as "a private real natural living woman, a permanent soul, not a corporate fiction, operating in the office of Brunswick Exinor© and Grantee/Beneficial Owner/Heir/original investor of the original promissory note (security) (Exhibit A- see INTERNATIONAL OFFICIAL NOTICE OF INDIGENOUS WOMAN Of The Abiram Etienne Empire Trust Royal Dynasty and Bloodline International Irrevocable Heiress Beneficial Owner Inter-Vivos Trust)." *Id* at 1-2. She alleges that she had paid off the promissory note to Wells Fargo, but Wells Fargo nevertheless "illegally reassigned private property . . . in May 27, 2025, to FREEDOM MORTGAGE CORP June 11, 2025." (Dkt. 1 at 2, 4). Freedom Mortgage failed to provide appropriate documentation before seeking to collect against her. *Id*. In a conclusory fashion, Exinor alleges that and the promissory note was "destroyed by way of securitization, so [Freedom Mortgage does] not have possession to enforce the instrument, after

---

[2] Complaint on Promissory Note and to Foreclose Mortgage, *Wells Fargo Bank, N.A. v. Exinor*, No. 29D03-2502-MF-001627 (Hamilton Sup. Ct. Feb. 12, 2025).

[3] Summary J., Default J., & Decree of Foreclosure, No. 29D03-2502-MF-001627 (Hamilton Sup. Ct. June 17, 2025).

[4] Notice of Appeal, *Exinor v. Wells Fargo Bank, N.A.*, No. 25A-MF-01640 (Ind. Ct. App. July 7, 2025).

[5] Order, *Exinor*, No. 25A-MF-01640 (Ind. Ct. App. Nov. 19, 2025).

[6] Exinor also filed several motions for preliminary injunctive relief (Dkts. 6, 7, 9), which the Court denied in a separate order (Dkt. 11).

destroying the instrument all debts and obligations are now fully discharged." *Id.* at 10. She alleges that Freedom Mortgage handled "the BRUNSWICK EXINOR™ Estate without consent from BRUNSWICK EXINOR – TRUST that owned trademark of the name as private property or Ecclesiastical Trust that owns BRUNSWICK EXINOR – TRUST as private property resulting in trademark infringement." *Id.* at 2–3. According to Exinor, Freedom Mortgage is "using . . . an Hague Apostille copyright/copyclaim resulting in infringement of my copyright." *Id.* at 3. She asserts additional claims for fraud, identity theft, securities law violations, breach of fiduciary duty, unjust enrichment, and violations of the Fourteenth Amendment.

Exinor seeks a variety of relief, including: fees for "trespassing and infringement on trademark name and copyright signature according to master trust"; an equitable accounting and $26,000.00; a permanent injunction enjoining "reporting non-income funds of the estate as debt to credit report agencies"; a declaration that Freedom Mortgage "provides a clear title and reconveyance of private res trust property"; "recognition of disaffirmation of all unauthorized trades of NAME during minority"; "imposition of a constructive/resulting trust nunc pro tunc ab initio in favor of Plaintiff"; and treble damages. *Id.* at 11–12.

**C.     Dismissal of the Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is

4

lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Exinor's claims. Most of her claims relate to the state court Foreclosure Case and the judgment entered in that case, so they are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably

intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Exinor plainly seeks review of the state court's orders in the Foreclosure Case, which entered the money judgment on the promissory note on which Freedom Mortgage now seeks to collect. This Court accordingly lacks jurisdiction over most, if not all, of Exinor's claims under the *Rooker-Feldman* doctrine. Exinor's proper course of action to challenge the state court's orders is to appeal those orders to the Indiana Court of Appeals—which she has done—and, if appropriate, the Indiana Supreme Court and United States Supreme Court.

Exinor's other claims, including her copyright, trademark, and identity theft claims, sound in "sovereign citizen" theories, which are patently meritless and have been repeatedly rejected by courts within the Seventh Circuit. *See Jackson v. U.S. Bank Nat'l Assoc.*, No. 25-CV-2125, 2025 WL 2835760, at *3 (C.D. Ill. June 9, 2025); *Vongermeten v. U.S. Trs.*, No. 23-cv-823, 2023 WL 4685858, at *1 (E.D. Wis. July 21, 2023) ("Sovereign citizens have the same rights to access the federal courts as anyone else. But the lawsuits they file are not entitled to any special leeway."); *derrick family: hawthorne v. Silverleaf Funding, LLC*, No. 16 CV 2934, 2017 WL 2573213, at *1 (N.D. Ill. June 14, 2017) ("This, of course, is part of the unfortunately familiar gibberish of the "sovereign citizen" movement, whose theories have repeatedly been rejected as frivolous, bizarre, and nonsensical."). Because Exinor's Complaint fails to state a plausible claim upon which relief can be granted, her claims must be **dismissed** for lack of jurisdiction.

### D. Opportunity to Show Cause

Exinor shall have through **January 5, 2026**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If Exinor elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Exinor claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

### E. Exinor's Motion to Compel

Exinor has also filed a Motion to Compel (Dkt. 5), in which she asks the Court to order Freedom Mortgage to produce several documents related to the promissory note and mortgage at issue in the Foreclosure Case. It is too early in this litigation to begin discovery; Exinor has not yet filed an amended complaint that survives screening, nor has Freedom Mortgage been served with process or appeared. The Motion to Compel is premature and therefore **denied**.

## II.     CONCLUSION

For the reasons stated above, having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. The Court further **DENIES** Exinor's Motion to Compel Production (Dkt. 5). Exinor is granted leave to file an amended complaint by no later than **January 5, 2026**. If an amended complaint is filed by the deadline, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date:   11/26/2025

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRUNSWICK EXINOR
P.O. Box 864
Noblesville, IN 46061

8