UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUNSWICK EXINOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:25-cv-02339-TWP-MJD |
| FREEDOM MORTGAGE CORP., | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR TRO**

This matter is before the Court on *pro se* Plaintiff Brunswick Exinor's ("Ms. Exinor") Verified Motion for Temporary Injunction (Dkt. 16). This filing is Ms. Exinor's fourth attempt for preliminary injunctive relief since she initiated this action on November 13, 2025. (*See* Dkts. 6, 7, 9 and 11). In this Motion, Ms. Exinor asserts that she is a "permanent living soul not corporate entity acting in her private capacity" and she tasks the Court, under Indiana Trial Rule 65 for issuance of a Temporary Injunction restraining Defendant Freedom Mortgage Corporation ("Freedom Mortgage"). She seeks to prohibit Freedom Mortgage from "initiating, continuing, or completing any foreclosure proceedings against the residential property located in Noblesville Indiana, during the pendency of this tort action." *Id*. For the reasons explained below, the Motion must be **denied**.

**I. DISCUSSION**

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See International Profit Associates, Inc. v.*

*Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). Given the substance of the relief sought, the motion for a temporary restraining order is better understood as a motion for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

On November 26, 2025 the Court screened Ms. Exinor's original Complaint and explained that it was subject to dismissal, because;

> Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Exinor's claims. Most of her claims relate to the state court Foreclosure Case and the judgment entered in that case, so they are barred by the *Rooker-Feldman* doctrine. … According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman doctrine* precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

(Dkt. 15 at 5-6). The Court further explained that it lacks acks jurisdiction "over most, if not all, of Exinor's other claims under the *Rooker Feldman* doctrine. The Court informed Ms. Exinor that the "proper course of action for her to challenge the state court's orders is to appeal those orders to the Indiana Court of Appeals—which she has done—and, if appropriate, the Indiana Supreme Court and United States Supreme Court." *Id*. at 6. With respect to the remaining claims, the Court clarified that Ms. Exinor's copyright, trademark, and identity theft claims, sound in "sovereign citizen" theories, which are patently meritless and have been repeatedly rejected by courts within the Seventh Circuit. *Id*.

Most importantly, the Court previously explained that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Ms. Exinor was informed that she should not seek to renew her motion for preliminary injunction until the filing of any Amended Complaint, screening of the Amended Complaint (to determine if this Court has jurisdiction to hear the case), and after the defendant has been served. To date, no Amended Complaint has been filed.

Ms. Exinor has not established the three threshold requirements necessary for preliminary injunctive relief. Until federal jurisdiction is determined, there can be no likelihood of success on the merits, no showing that she will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief, and she cannot demonstrate that she has no adequate remedy at law should the preliminary injunction not issue. Accordingly, this motion for temporary restraining is premature and must be **denied**.

### III. CONCLUSION

For the foregoing reasons, the Verified Motion for Temporary Restraining Order, Dkt. [16], is **DENIED without prejudice**. Although Ms. Exinor is given until January 5, 2026 to file an

Amended Complaint, she need not wait until that deadline to make that filing if some urgency exists. If Ms. Exinor needs an earlier determination on whether this federal court has jurisdiction to hear her claims, she should file any Amended Complaint accordingly.

**IT IS SO ORDERED.**

Date: 12/8/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRUNSWICK EXINOR
P.O. Box 864
Noblesville, IN 46061