**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BRUNSWICK EXINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02339-TWP-MJD |
| | ) | |
| FREEDOM MORTGAGE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS AND**
**DENYING DEFENDANT'S MOTION TO WARN**

This matter is before the Court on *pro se* Plaintiff Brunswick Exinor's ("Ms. Exinor") Motion to Vacate Final Judgment and Transfer Case to Southeastern District Court of Indiana, pursuant to Fed. R. Civ. P. 58 and Rule 60(b) (Dkt. 25) and Motion to Supplement Record with Additional Evidence (Dkt. 31), and Defendant Freedom Mortgage Corp.'s ("Freedom Mortgage") embedded Motion to Warn Plaintiff of Possibility of Sanctions (Dkt. 32). On November 26, 2025 the Court screened Ms. Exinor's Complaint and determined that this action is subject to dismissal for lack of jurisdiction. Ms. Exinor was granted leave to file an amended complaint by no later than January 5, 2026. No amended complaint was filed, so this action was dismissed without prejudice, and Final Judgment was entered on February 18, 2026. Ms. Exinor filed the instant Motion to Vacate on March 7, 2026, asking the Court to vacate the final judgment and transfer this case to the appropriate United States District Court with jurisdiction over Hamilton County. She also asks to supplement the record with additional evidence. Freedom Mortgage subsequently filed its brief in opposition, which contains its Motion to Warn. For the reasons explained below, all three Motions are **denied**.

## I.    LEGAL STANDARD

Although Ms. Exinor cites Rule 58 and Rule 60(b), it is apparent that she seeks relief under Rule 59 and 60(b). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Ms. Exinor's Motion to Vacate was filed within 28 days of the date judgment was entered, so it is treated as a motion to amend judgment pursuant to Rule 59(e). Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II.    BACKGROUND

This action relates to mortgage foreclosure proceedings in the Hamilton Superior Court under Cause No. 29D03-2502-MF-001627 (the "Foreclosure Case"). Wells Fargo Bank, N.A. ("Wells Fargo"), initiated the Foreclosure Case to foreclose on property held by "Unknown Trustees of the Brunswick Ms. Exinor - Trust" and to enforce a promissory note on which Ms. Exinor is obligated. In June 2025, the state court entered judgment against Ms. Exinor and in favor of Wells Fargo in the amount of $118,095.39, and issued a decree of foreclosure. Shortly thereafter, Ms. Exinor appealed the state court's judgment. The Indiana Court of Appeals dismissed Ms. Exinor's appeal. On November 13, 2025, a few days before the Indiana Court of Appeals issued

2

its dismissal order, Ms. Exinor initiated this federal lawsuit by filing a Complaint against Freedom Mortgage Corp. ("Freedom Mortgage") (Dkt. 1).

On November 26, 2025, the Court screened Ms. Exinor's Complaint and determined that her Complaint failed to state a plausible claim upon which relief can be granted, and her claims must therefore be dismissed for lack of jurisdiction (Dkt. 15 at 6). The Court explained that the Complaint was subject to dismissal because "Ms. Exinor plainly seeks review of the state court's orders in the Foreclosure Case, which entered the money judgment on the promissory note on which Freedom Mortgage now seeks to collect. This Court accordingly lacks jurisdiction over most, if not all, of Ms. Exinor's claims under the *Rooker Feldman* doctrine." *Id*. The Court determined that Ms. Exinor's other claims, including her copyright, trademark, and identity theft claims, sound in "sovereign citizen" theories, which are patently meritless and have been repeatedly rejected by courts in the Seventh Circuit. *See Jackson v. U.S. Bank Nat'l Assoc*., No. 25-CV-2125, 2025 WL 2835760, at *3 (C.D. Ill. June 9, 2025); *Vongermeten v. U.S. Trs*., No. 23-cv-823, 2023 WL 4685858, at *1 (E.D. Wis. July 21, 2023).

Ms. Exinor was given through January 5, 2026, to file an Amended Complaint or to show cause why judgment consistent with the Court's screening Entry should not issue. *Id*. at 7. That deadline passed and nothing was filed. On February 13, 2026, Ms. Exinor filed a "Notice of Lis Pendens" and "Petition for Quiet Title, Declaratory Relief, Cancellation of Instruments, and Equitable Redemption" (Dkt. 23). In the Entry of February 18, 2026, the Court explained that even if it were to construe the Petition as an amended complaint and accept it despite its untimely filing, Ms. Exinor's claims would still be subject to dismissal. The Court accordingly dismissed this action and entered final judgment on February 18, 2026 (Dkts. 23, 24). The Motion to Vacate Final Judgment and Transfer Case to Southeastern District of Indiana was filed on March 7, 2026, along

with several exhibits in support that Ms. Exinor filed under seal (Dkt. 26). Ms. Exinor then filed her Motion to Supplement Record with Additional Evidence on April 15, 2026 (Dkt. 25 and 30). After Ms. Exinor filed her post-judgment motions, Freedom Mortgage appeared and filed a combined response in opposition to both Motions, which contained an embedded Motion to Warn Ms. Exinor of the possibility of sanctions under Rule 11. The Motions are now ripe for ruling.

## II.    DISCUSSION

### A.    Ms. Exinor's Request for Transfer (Dkt. 25)

As an initial matter, the request to transfer this case to the appropriate District Court with jurisdiction over Hamilton County is **denied** because this Court, the United States District Court for the Southern District of Indiana, Indianapolis Division, is the appropriate court where this action should be heard. *See* 28 U.S.C. § 94(b)(1).

### B.    Ms. Exinor's Motion to Vacate Final Judgment (Dkt. 25)

Final Judgment was entered in this case on February 18, 2026. On March 7, 2026 Ms. Exinor filed her Motion to Vacate, in which she alleges: (1) fraud, misrepresentation, or misconduct by Freedom Mortgage's predecessor in interest (Wells Fargo); (2) newly discovered evidence; (3) procedural irregularities, and (4) lack of jurisdiction (Dkt. 25 at 2–3). In addition, she lists several arguments or claims, including alleged Truth in Lending Act violations, failure to produce discovery related to her claims, the lack of a recorded assignment of mortgage from Freedom Mortgage's predecessor in interest; and breach of fiduciary duty.

In response, Freedom Mortgage correctly notes that Ms. Exinor's arguments relate to the origination of the subject mortgage loan and in the Foreclosure Case, and not this federal action (Dkt. 32 ¶¶ 7–11). The alleged fraud and misrepresentations, for example, were made by Wells Fargo and Veterans United Homes Loans about the subject mortgage (Dkt. 25 at 3). The cited

4

procedural irregularities, TILA violations, and discovery violations likewise relate to Ms. Exinor's efforts to avoid foreclosure before filing this federal lawsuit. As Freedom Mortgage notes, it had not appeared or participated in this action before the entry of Final Judgment, so it could not have taken any action *in this lawsuit* to warrant setting aside the Final Judgment (Dkt. 32 ¶ 11).

The Court also notes that Ms. Exinor "objects to the improper use of the term 'sovereign citizen' in connection with [her] filings," believing the term to be "prejudicial" (Dkt. 25 at 6). In the Court's screening Entry, the Court only stated that Ms. Exinor's copyright, trademark, and identity theft claims are based on what courts generally describe as "sovereign citizen" theories. The Court did not identify Ms. Exinor as a sovereign citizen or express any prejudice against Ms. Exinor. Regardless of how Ms. Exinor's copyright, trademark, and identity theft claims are described, they are frivolous and therefore subject to dismissal. Ms. Exinor's Motion to Vacate does not offer any other reason why the Court's decision to dismiss these claims was in error.

Relief under Rule 59(e) is appropriate only when the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Ms. Exinor has failed to show that the Court committed a manifest error of law or fact, or offer newly discovered evidence that might have affected the Court's decision. Ms. Exinor's arguments instead simply attempt to bolster the allegations in her Complaint. Ms. Exinor's Motion to Vacate the Final Judgment is therefore **denied**.

**C.  Ms. Exinor's Motion to Supplement the Record (Dkt. 31)**

Ms. Exinor also moves to supplement the record with 59 additional pages of evidence which she contends are related to the merits of her claims and her damages (Dkt. 31). However,

for the reasons explained in the Court's screening Entry, the Court lacks jurisdiction to hear Ms. Exinor's claims, and for the reasons explained above, this action remains dismissed and closed. Ms. Exinor's Motion to Supplement the Record is therefore **denied**.

**D.      Freedom Mortgage's Motion to Warn (Dkt. 32)**

Embedded within Freedom Mortgage's opposition brief is a Motion to Warn Plaintiff of Possibility of Sanctions under Federal Rule of Civil Procedure 11 (Dkt. 32 at 5–6). Ms. Exinor, a *pro se* litigant, has zealously advocated for herself, including by filing proper post-judgment motions. Although the Court finds that Ms. Exinor's claims are subject to dismissal for failure to state a claim, she has taken no action that would warrant sanctions or a formal warning. The request to warn Ms. Exinor is **denied**. Freedom Mortgage, however, is reminded that pursuant to the Court's Local Rules, "[a] motion must not be contained within a brief, response, or reply to a previously filed motion" and "must be filed separately." S.D. Ind. L.R. 7-1(a).

**E.      Ms. Exinor's Sealed Exhibits (Dkt. 26)**

Ms. Exinor filed 65 pages of exhibits in support of her Motion to Vacate under seal, but she did not file an accompanying Motion to Maintain Documents Under Seal as required by Local Rule 5-11(d)(4). The Court will grant Ms. Exinor **fourteen (14) days** from the date of this Entry in which to file a motion to maintain Dkt. 26 under seal. If no motion is filed within that time, the Clerk will be directed to unseal Dkt. 26. Ms. Exinor may also move to withdraw Dkt. 26.

## IV.      CONCLUSION

For the reasons explained above, the Court **DENIES** Ms. Exinor's Motion to Vacate Final Judgment and Transfer Case to Southeastern District Court of Indiana (Dkt. 25), Ms. Exinor's Motion to Supplement Record with Additional Evidence (Dkt. 31), and Freedom Mortgage's Motion to Warn Plaintiff of Possibility of Sanctions (Dkt. 32). This action **remains CLOSED**.

The **Clerk is directed** to unseal the filing at Dkt. [26] after **fourteen (14) days**, unless a motion to maintain documents under seal is filed by Ms. Exinor within that time.

**SO ORDERED**.

Date:   4/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRUNSWICK EXINOR
P.O. Box 864
Noblesville, IN 46061

Nathan Alexander Dewan
Doyle & Foutty, P.C.
ndewan@doylefoutty.com